United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PANFILO FLORES, JR., | No. C 12-794 SI |
| Plaintiff, | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITH PREJUDICE** |
| v. | |
| GMAC MORTGAGE, LLC, ET AL., | |
| Defendants. | |

On April 12, 2013, defendants refiled[1] their motion to dismiss plaintiffs' complement pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiffs filed an opposition and defendants filed a reply.[2]

---

[1] Defendants' motion to dismiss was first filed in June of 2012. The Court referred the matter to the court's ADR Unit for assessment, and deferred ruling on the motion to dismiss pending that referral. Several mediation sessions were held, all ultimately unsuccessful. In April of this year, defendants refiled the motion to dismiss.

[2] Plaintiffs' opposition papers were untimely filed. They were due no later than April 26, 2013, and were filed on May 2, 2013. On May 3, 2013, plaintiffs filed a request to withdraw their opposition papers. *See* Dkt. 33. Plaintiffs' request is moot because the opposition was untimely and the Court therefore need not consider it.

Also on May 3, 2013, plaintiffs filed an amended complaint. Under Federal Rule of Civil Procedure 15(a), plaintiffs had 21 days from the first service of defendants' motion to dismiss, in June of 2012, to file an amended complaint. Plaintiffs did not do so nor did they otherwise seek leave of the Court to file an amended complaint. Accordingly, the amended complaint is hereby STRICKEN. *See* Dkt. 32. Moreover, having reviewed the amended complaint, it suffers from the same infirmities as the original – namely that each cause of action is premised on a flawed legal theory the Court considers and rejects herein. Thus, even if it were considered on this motion, the analysis and result would be

1 Pursuant to Civil Local Rule 7-1(b), the Court determines that this matter is appropriate for resolution
2 without oral argument and VACATES the hearing currently scheduled for May 17, 2013. Having
3 considered the parties' papers and for good cause shown, the Court GRANTS defendants' motion to
4 dismiss, for the reasons discussed below.

## BACKGROUND

This action stems from a $625,000 mortgage loan obtained by plaintiff Irene Flores from MIT Lending on June 21, 2005. Compl., Ex. A. Plaintiff secured the loan with a deed of trust on real property located at 883 Skyline Drive, Daly City, California, 94015. *Id*. The adjustable rate note states, "I understand that Lender may transfer this Note." *Id*. ¶ 1. Also, the deed of trust states, "[t]he Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower." *Id*., Ex. B, at 11.

Mortgage Electronic Registration Systems, Inc. ("MERS") was the beneficiary under the deed of trust and Alliance Title was the original trustee. *Id*. at 2. On January 25, 2010, MERS substituted in Executive Trustee Services ("ETS") as the new trustee, notice of which was recorded on January 27, 2010. Compl., Attachment, Dkt. 1-1 at 22. Also on January 25, 2010, ETS signed a notice of default, which it recorded on January 27, 2010. *Id*. at 28. The notice of default informed plaintiff that she owed $16,955.46 in arrears as of January 25, 2010. *Id.* On November 17, 2010, MERS assigned all beneficial interests under the deed of trust to defendant GMAC. *Id.* at 30. An assignment reflecting this transaction was recorded on November 23, 2010. *Id.* On May 16, 2011, ETS recorded a notice of trustee's sale, and scheduled a sale for June 13, 2011. *Id*. at 31. The sale was postponed until November 2, 2011, at which point GMAC purchased the property. *Id.* at 33.

In the interim, in October 2011, co-plaintiff Panfilo Flores – who is not a signatory to the mortgage loan – filed for Chapter 11 bankruptcy, which plaintiffs allege effectuated an automatic stay of the foreclosure sale. Compl. ¶ 83. Thus, although the property was previously sold on November

---

substantially the same as that discussed below.

United States District Court
For the Northern District of California

2, 2011, GMAC rescinded the sale on January 26, 2012. Req. for Jud. Notice, Ex. H.[3]

Plaintiffs filed this lawsuit on February 17, 2012, asserting seven causes of action: (1) declaratory relief; (2) injunctive relief; (3) cancellation of instruments; (4) deceit; (5) violation of Cal. Civ. Code § 2943(A)(1)(A); (6) fraud; and (7) unjust enrichment. Each cause of action is premised on plaintiffs' theory that no interest in the promissory note or the deed of trust was ever effectively transferred from the original lender to any of the defendants. In particular, plaintiffs contend that because their loan "was long sold and securitized in October 2005," MERS had no authority to substitute ETS in as the new trustee in 2010 or to assign all beneficial interests under the deed of trust to GMAC. Also, plaintiffs allege that MERS' substitution and assignment are invalid because they violate the terms of the relevant pooling and servicing agreement ("PSA"). Given this alleged invalidity, plaintiffs assert that none of the defendants has standing to initiate foreclosure, or standing to request that plaintiffs repay the loan.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 544, 555.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the

---

[3] Pursuant to Federal Rule of Evidence 201, the Court hereby takes judicial notice of the Notice of Rescission of Trustee's Deed Upon Sale, which was recorded in the Official Records of the San Mateo County Recorder's Office as Document Number 2012-011607 on January 30, 2012.

3

plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

## DISCUSSION

The basic theory of this lawsuit is that none of the defendants has the authority to institute a nonjudicial foreclosure, because the mortgage loan was securitized and sold on the secondary mortgage market without a valid assignment of the note and deed of trust from the original lender to any of the defendants. Even assuming the veracity of these allegations, they do not state *any* legal claim against defendants. Moreover, as each of plaintiffs' seven causes of action is premised on this flawed theory, the complaint must be dismissed in its entirety.

Plaintiffs contend that MERS' assignment of the deed of trust to GMAC and substitution of ETS as trustee are nullities because the original lender, MIT, did not also assign the note to GMAC. In other words, because MIT securitized the note, this allegedly stripped MERS of any ability to assign the deed of trust. Courts have consistently rejected this theory. *See, e.g.*, *Velez v. The Bank of New York Mellon*, 2011 WL 572523, *4 (D. Haw. 2011) ("The court also rejects Plaintiff's contention that securitization in general somehow gives rise to a cause of action—Plaintiff points to no law or provision in the mortgage preventing this practice, and otherwise cites no law supporting that securitization can be the basis of a cause of action."); *Lane v. Vitek Real Estate Indus. Grp.*, 713 F.Supp.2d 1092, 1099 (E.D. Cal. 2010) ("The argument that parties lose their interest in a loan when it is assigned to a trust pool has also been rejected by many district courts."); *Haskins v. Moynihan*, 2010 WL 2691562, *2 (D. Ariz. 2010)

4

(rejecting claims based on securitization because plaintiffs could point to no law indicating that securitization of a mortgage is unlawful); *Lariviere v. Bank of New York as Tr.*, 2010 WL 2399583, *4 (D. Me. 2010) (finding that plaintiffs stated no cognizable claims based on securitization); *Upperman v. Deutsche Bank Nat'l Trust Co.*, 2010 WL 1610414, *3 (E.D. Va. 2010) (rejecting claims because they were based on an "erroneous legal theory that the securitization of a mortgage loan renders a note and corresponding security interest unenforceable and unsecured"); *Chavez v. California Reconveyance Co.*, 2010 WL 2545006, *2 (D. Nev. 2010) ("The alleged securitization of Plaintiffs' loan did not invalidate the Deed of Trust, create a requirement of judicial foreclosure, or prevent Defendants from being holders in due course."). In fact, this Court rejected this same argument when plaintiffs' counsel made it in a very similar case. *See Boyter v. Wells Fargo Bank, N.A.*, No. 3:11-cv-03943-SI, 2011 WL 1144281, *(N.D. Cal. Apr. 4, 2012) (rejecting theory of invalid assignment of the deed of trust due to securitization of the promissory note in dismissing wrongful foreclosure claim based).

Here, the securitization theory also fails because plaintiff Irene Flores agreed that her Promissory Note, and partial interests in the Note, could be sold. *See* Compl., Ex. A ("I understand that Lender may transfer this Note."). Likewise, plaintiff Irene Flores signed the deed of trust, which provides that "[t]he Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower." *Id.*, Ex. B, at 11.

Even assuming, however, that there was some deficiency in MERS' assignment or substitution with respect to the deed of trust, plaintiffs do not have standing to assert any of the seven causes of action that they claim arise out of that deficiency. Third-party borrowers lack standing to assert problems in the assignment of the loan. *See Fontenot v. Wells Fargo Bank, N.A.*,. 198 Cal.App.4th 256, 272 (2011). As explained in *Fontenot*, if "MERS indeed lacked authority to make the assignment, the true victim was not plaintiff but the original lender, which would have suffered the unauthorized loss of a $1 million promissory note." *Id.* Since an assignment "merely substituted one creditor for another, without changing [the plaintiff's] obligations under the note," the borrower was not harmed even were there some defect in the manner in which the loan was assigned. *Id*.

The same is true here. Even were the assignment defective, it would be the loan's owner, not

5

plaintiffs, who was harmed by another party foreclosing on its loan without its consent. Each cause of action in plaintiffs' complaint rises or falls based on this theory of invalid assignment. Only the owner of the loan has standing to sue if its interests were transferred without its authority. *See Warth v. Seldin*, 422 U.S. 490, 499 (1975) (a "plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties.").

Plaintiffs also vaguely allege that MERS' or GMAC's assignments or transfers of the note and deed of trust were invalid because defendants cannot "establish an unbroken chain of transfers and deliveries," which is required to avoid violation of the PSA. *See* Comp. ¶¶ 74-78. The Court rejects this position for the very same reason – plaintiffs are third party borrowers who lack standing to enforce a PSA. *See, e.g.*, *In re Marks*, 2012 WL 6554705, *10 (9th Cir. BAP 2012) ("[W]e fail to see how Marks has standing to assert breaches of a trust agreement to which she was not a party or even a third-party beneficiary."); *Graham v. ReconTrust Co., N.A.*, 2012 WL 1035712, *4 (D. Or. 2012) ("[A] borrower such as Plaintiff does not have standing to assert a violation of a PSA to which she is not a party."); *McGough v. Wells Fargo Bank, N.A.*, 2012 WL 2277931, *4 (N.D. Cal. 2012) (holding that plaintiff lacks standing to enforce a PSA where plaintiff is not an investor or party to the PSA); *Sami v. Wells Fargo Bank*, 2012 WL 967051, *6 (N.D. Cal. 2012) (finding "that [plaintiff] lacks standing . . . because she is neither a party to, nor a third party beneficiary of, that agreement").

Contrary to plaintiffs' contention, the alleged securitization here did not invalidate MERS' assignment or substitution or extinguish its rights to do so. Even if it did, plaintiffs do not have standing to sue based on that deficient assignment or substitution. Having concluded as much, the Court finds that leave to amend here would be futile where plaintiffs will not be able to establish standing based on their core allegations. Finally, to the extent plaintiff seeks to "unwind a foreclosure," *see* Compl. ¶ 2, those allegations and any claims therein are moot because GMAC rescinded the sale on January 26, 2012, weeks prior to this lawsuit. *See* Req. Jud. Notice, Ex. H.

///

6

**CONCLUSION**

For the foregoing reasons, the Court hereby GRANTS defendants' motion to dismiss plaintiffs' complaint WITH PREJUDICE.

**IT IS SO ORDERED.**

Dated: May 14, 2013

SUSAN ILLSTON
United States District Judge